**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VALENCIA BOONE,<br><br>Plaintiff,<br><br>v.<br><br>RIVERBAY CORP.,<br><br>Defendant. | Civil Case No.: 24-cv-1263<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Valencia Boone ("Plaintiff"), by and through her attorneys, Faruqi & Faruqi, LLP, as and for her Complaint against Defendant Riverbay Corp. ("Riverbay" or "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, *et seq*. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et seq*. ("NYCHRL"); and seeks damages to redress the injuries she has suffered as a result of being discriminated and retaliated against on the basis of her actual and/or perceived disabilities. Specifically, Plaintiff was terminated from her position as a Public Safety Officer following modest requests for reasonable accommodation connected with medical treatment for a long-term shoulder injury on the basis of her disability and in retaliation for her protected leave and accommodation requests.

## ADMINISTRATIVE PREREQUISITES

2. Pursuant to NYCHRL § 8-502, Plaintiff will serve a copy of this Complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office

of the Corporation Counsel within ten days of its filing, thereby satisfying the notice requirements of this action.

3. On December 5, 2023, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA. On December 13, 2023, the EEOC subsequently issued Plaintiff a Notice of Right to Sue ("Right to Sue").

4. Plaintiff brings her complaint within 90 days of the issuance of the Right to Sue.

5. Plaintiff has complied with any and all other prerequisites to filing this action.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under State and local law pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

8. That at all times relevant hereto, Plaintiff was and is an individual residing in the state of New York.

9. That at all times relevant hereto, Defendant Riverbay was and is a privately held company conducting business in the State of New York. Riverbay is established and incorporated under the laws of New York and is headquartered in New York.

10. Riverbay manages Co-op City, located in the Baychester section of the borough of the Bronx in northeast New York City. Co-op City is the largest residential housing development in the United States. Riverbay manages 15,372 residential units in 35 high-rise buildings and seven townhouse clusters consisting of garden and duplex apartments.

11. At all relevant times, Defendant was a covered employer within the meaning of the ADA, NYSHRL, and NYCHRL, and at all relevant times, employed Plaintiff.

12. Defendant is subject to suit under the statutes alleged above.

13. Defendant had fifteen (15) or more employees for each working day during the relevant period.

## FACTUAL ALLEGATIONS

### I. MS. BOONE'S BACKGROUND & EXPERIENCE

14. Plaintiff is a highly qualified and established security professional with over a decade of experience.

15. Plaintiff was initially hired as a Public Safety Officer in 2011.

16. Over the course of over a decade of employment at Riverbay, Plaintiff excelled in her role by any measure.

17. By way of example, Plaintiff always received positive performance reviews for public safety officer functions. Each workday, Plaintiff was responsible for providing community service-orientated safety and security services to the Co-op City community.

### II. MS. BOONE'S DISABILITY & REQUESTS FOR ACCOMODATIONS

18. On or about January 24, 2023, Plaintiff experienced a tragedy when she was involved in a serious car accident. Plaintiff suffered a serious rotator cuff injury.

19. Plaintiff's long-term shoulder injury satisfies all legal requirements of a disability under relevant federal, state and city law.

20. Plaintiff promptly informed Riverbay of her disability. She also requested, and received, leave from her position.

21. On March 31, 2023, Plaintiff received arthroscopic surgery to treat her shoulder issues.

22. Following her surgery, Plaintiff continued to recover from her shoulder issues.

23. Throughout this time, Plaintiff was diligent at providing Riverbay with information concerning her need for accommodation.

24. On or about June 30, 2023, Deonne Morris ("Ms. Morris"), a Senior Human Resources Generalist at Riverbay, sent Plaintiff a letter indicating that she would need to make a request for reasonable accommodations on or before July 10, 2023 in order for her leave to be extended beyond July 20, 2023.

25. After receiving the letter, Plaintiff contacted Mr. Morris to inform her of the status of her ongoing medical care and need for additional leave. She also set to work to arrange for medical documentation of her need for additional leave.

26. On or about July 11, 2023, Plaintiff was examined by her orthopedic surgeon and observed that she continued to experience pain, stiffness, weakness, and limited range of motion that would necessitate additional leave and set a tentative return-to-work date of October 4, 2023.

27. On or about July 17, 2023, Plaintiff was examined by another physician that concurred that Plaintiff would require additional leave, but would potentially be able to return to work on light duty if available. This possibility of returning to work on light duty, in addition to

her request for a brief period of additional leave, constituted requests for accommodation under all applicable laws.

28. Following her examination by her doctors, Plaintiff promptly provided Riverbay Human Resources with documentation of these examinations supporting her requests for reasonable accommodation.

## III. DEFENDANT'S UNLAWFUL TERMINATION OF MS. BOONE

29. Modest as Plaintiff's requested accommodations were, Riverbay summarily denied them via an undated letter by Ms. Morris on or about August 2, 2023 without engaging in any interactive process whatsoever, including any request for additional documentation.

30. Plaintiff was perplexed, as Plaintiff knew of multiple Riverbay colleagues who were permitted to return to work following leaves from employment significantly longer than the one she required as accommodation.

31. Riverbay made clear to Plaintiff that she would not be permitted to return to work until she required no reasonable accommodations at all.

32. Having refused her accommodations without basis, Riverbay terminated Plaintiff.

33. As is clear from the circumstances leading up to the decision, Riverbay's decision to fire Plaintiff was transparently motivated by her disability and requests for modest reasonable accommodations.

34. Devastated by the loss of her position, Plaintiff reached out to Ms. Morris on or about August 3, 2023 about her termination.

35. Shockingly, during their conversation Ms. Morris expressed animus towards Plaintiff's disabled status, and expressed doubt that Plaintiff was "actually" disabled because she was skeptical of Plaintiff's doctors.

36. Ms. Morris provided no evidence for any reason to doubt Plaintiff's medical documentation, nor did Riverbay make any request for additional documentation after Plaintiff provided it in tandem with her reasonable accommodation request. Accordingly, Riverbay's decision as to Plaintiff's accommodation requests was guided solely by animus towards Plaintiff's disabled status and requests for accommodation.

37. Plaintiff has been grievously harmed by the loss of her decade-long position and has experienced significant emotional distress. She has been unable to obtain alternate employment.

38. Plaintiff's performance has been, upon information and belief, exemplary during the course of her employment with Defendant.

39. Plaintiff realized that Defendant would not attempt to accommodate Plaintiff's disabilities, perceived her disabilities as an inconvenience, and had effectively terminated her so they would not have to provide her with any further reasonable accommodations.

40. Defendant failed to engage in the interactive process and cooperative dialogue.

41. Defendant terminated Plaintiff because of her actual and/or perceived disabilities.

42. Defendant terminated Plaintiff so they would not have to grant her any accommodations on the basis of her disabilities.

43. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of ADA)**

45. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

46. Defendant discriminated against Plaintiff on the basis of her disability in violation

of ADA by, *inter alia*, denying her equal terms and conditions of employment, and failing to provide a reasonable accommodation.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

49. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of ADA, for which Plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**(Retaliation in Violation of ADA)**

50. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

51. Defendant retaliated against Plaintiff for engaging in protected activities in violation of the ADA.

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

54. Defendant's unlawful and retaliatory actions constitute malicious, willful and wanton violations of the ADA, for which Plaintiff is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**(Discrimination in Violation of the NYSHRL)**

55. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

56. Defendant discriminated against Plaintiff on the basis of her disability in violation of NYSHRL by, *inter alia*, denying her equal terms and conditions of employment, and failing to provide a reasonable accommodation.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

59. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYSHRL)**

60. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

61. Defendant retaliated against Plaintiff for engaging in protected activities in violation of the NYSHRL.

62. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an

award of damages.

63. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

64. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**(Discrimination in Violation of the NYCHRL)**

65. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

66. Defendant discriminated against Plaintiff on the basis of her disability in violation of the NYCHRL by, *inter alia*, denying her equal terms and conditions of employment, and failing to provide a reasonable accommodation.

67. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

68. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

69. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYCHRL)**

70. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each

of the preceding paragraphs as if fully set forth herein.

71. Defendant retaliated against Plaintiff for engaging in protected activities in violation of the NYCHRL.

72. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

73. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

74. Defendant's unlawful and retaliatory actions constitute malicious, willful and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that Defendant violated federal, State, and city laws by discriminating against Plaintiff on the basis of her disability;

B. An award of economic damages;

C. An award of compensatory damages;

D. An award of punitive damages;

E. Prejudgment interest on all amounts due;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
February 20, 2024

**FARUQI & FARUQI, LLP**

By: *__/s/ Shawn R. Clark__*
Shawn R. Clark
Innessa M. Huot

685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: sclark@faruqilaw.com
ihuot@faruqilaw.com

*Attorneys for Plaintiff*